**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **GEORGE FONTENOT** )<br>    Plaintiff, )<br> )<br>**v.** )<br> )<br>**WELTMAN, WEINBERG, AND REIS, CO., LPA** )<br>    Defendant, )<br> ) | **Civil Action No. 1:13-cv-00454** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff George Fontenot, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred.  Since a substantial part

of the events or omissions giving rise to the claim occurred here, personal jurisdiction is

established.

## III.      PARTIES

4.  Plaintiff, George Fontenot (hereinafter "Plaintiff") is a consumer, as that term is

defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay

any debt, residing in Jefferson County, in the state of Texas.

5.  Defendant, Weltman, Weinberg & Reis Co., LPA (hereinafter "WWR") is a debt

collection law firm and foreign law firm engaged in the business of collecting debt in this

state with its principal place of business located in Cuyahoga County, in the state of Ohio

at 323 W. Lakeside Ave, Suite 200, Cleveland, Ohio 44113.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses

instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA,

15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant WWR acted through its duly authorized agents,

employees, officers, members, directors, heirs, successors, assigns, principals, trustees,

sureties, subrogees, representatives, and insurers.

## IV.   <u>FACTUAL ALLEGATIONS</u>

8.  Sometime before July 12, 2013, Plaintiff, George Fontenot, incurred a financial

obligation that was primarily for personal, family, or household purposes and is therefore

a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Plaintiff George Fontenot.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal,

family, or household purposes, whether or not such obligation has been reduced to

judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5); namely a private student loan debt.

11. Upon information and belief, Defendant, within one year prior to the filing of this complaint, called George, attempting to communicate with George in order to collect on an alleged debt.

12.  Defendant, within one year prior to the filing of this complaint, around the latter part of 2012, spoke to George's wife and made false and/or misleading statements that it intended for her to give to George as messages; stating Defendant would garnish his wages themselves, conceivably retaining the money for itself, when Defendant could not do so, and only the creditor could do so.  Defendant is a law firm, but it is not the creditor, so this was misleading and false threat.  Defendant's acts were in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, §1692e, §1692e(5), and §1692f.  The conversation with Plaintiff's wife that Defendant had, and the calls it placed to Plaintiff were "communications", as defined under 15 U.S.C. § 1692a(2).

13.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by this Defendant.

14.  Plaintiff suffered actual damages as a result of these illegal collection

communications by this Defendant in the form of anger, anxiety, emotional distress,

frustration, embarrassment, humiliation, and upset, amongst other negative emotions.


15.  Defendant's illegal abusive collection communications as more fully described above

were the direct and proximate cause of emotional distress on the part of Plaintiff.


## V.      CAUSES OF ACTION


### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.


16.  Plaintiff George Fontenot repeats, realleges, and incorporates by reference all of the

above paragraphs of this Complaint as though fully stated herein.


17.  The foregoing acts and omissions of Defendant and its agents constitute numerous

and multiple violations of the FDCPA including, but not limited to, each and every one of

the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to

Plaintiff.


18. Defendant's acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

19.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the

Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and

attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## VI.      **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff George Fontenot respectfully requests that judgment be

entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the

emotional distress suffered as a result of the intentional and/or negligent FDCPA

violations; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. §

1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  July 12, 2013                    RESPECTFULLY SUBMITTED,
                                         Consumer Rights Law Firm, PLLC
                                         By: /s/ Kevin Crick
                                         Kevin Crick, Esq.
                                         Consumer Rights Law Firm, PLLC
                                         300 Brickstone Square, Suite 902
                                         Andover, Massachusetts 01810
                                         Telephone: (978) 212-3300
                                         Fax#1: (888) 712-4458
                                         Fax#2: (978) 409-1846
                                         Email: kevinc@consumerlawfirmcenter.com
                                         Attorney for Plaintiff George Fontenot


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff George Fontenot demands trial by jury in this

action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.